In the Matter of the Arbitration between WILLIAM GLATZER et al., Copartners Doing Business under the Name of GLATZER, GLATZER & DIAMOND, Respondents, and INSURANCE RESEARCH SERVICE, INC., Appellant.

First Department, December 17, 1957.

*Arthur I. Singer* for appellant.

*William Glatzer* of counsel, in person (*Glatzer, Glatzer & Diamond,* attorneys), for respondents.

*Per Curiam.* The parties to this proceeding entered into an agreement to arbitrate a controversy. Each party was to name an arbitrator and the two arbitrators so designated were to appoint a third arbitrator. The arbitration was to be in con-

formance with procedures defined in the Civil Practice Act of the State of New York.

Appellant failed to name its arbitrator in ordinary course and a motion was made under section 1450 of the Civil Practice Act to direct appellant to proceed with the arbitration. The motion was granted by order entered April 10, 1957. Appellant complied with that order and designated an arbitrator. Agreement on a third arbitrator was not effected, however, so respondent applied to the court under section 1452 of the Civil Practice Act for the designation of a third arbitrator. Appellant took no position on the merits of this application but moved to set aside service of the petition on the ground that the court had no jurisdiction over appellant, a foreign corporation. The court denied the motion by order dated July 9, 1957, and granted the application for appointment of a third arbitrator by order dated August 2, 1957.

The order of July 9, denying the motion to set aside service of the petition, was served on appellant on July 22. Thus 10 days did not intervene between the service of that order and the entry of the order of August 2. It is appellant's contention on this appeal that entry of the second order, before the lapse of 10 days after service of the first order, violated its right, under section 237-a of the Civil Practice Act, to interpose an answer to the petition within 10 days after the denial of its motion objecting to the court's jurisdiction over its person. Respondent contends that section 237-a is inapplicable to arbitration proceedings.

We do not agree with respondent's contention that section 237-a is inapplicable to arbitration proceedings. Nevertheless, we think it inapplicable to that phase of the proceeding involved on this appeal.

Undoubtedly section 237-a would be applicable to a proceeding to compel arbitration under section 1450. That section is employed to initiate an arbitration proceeding and involves steps like the "service of process" which may be attacked under section 237-a. Section 1452, on the other hand, provides an implemental rather than an initial proceeding and provides for nothing like a "service of process" which is contemplated as the subject of a motion to be made under section 237-a. We are not required to say, however, whether the provisions of section 237-a might possibly be applicable to a proceeding under section 1452. It is sufficient to note here that appellant waived any rights it might have had under section 237-a when it passed up the opportunity to assert its objection on the motion to compel arbitration and acceded to the order entered on that motion.

After a motion to compel arbitration under section 1450 has been granted, and the party against whom the order is issued has complied by appointing an arbitrator, it is too late for that party subsequently to raise the issue of the court's jurisdiction in opposition to an application made under section 1452 for the court appointment of a third arbitrator. The time for appellant to raise its jurisdictional objection was when the motion was made to compel arbitration under section 1450. By failing to do so at that time and by complying with the order entered upon that motion, appellant waived any statutory rights it might have had. Section 237-a then ceased to be available or applicable.

The order appealed from should be affirmed, with costs to respondents.

PECK, P. J., BREITEL, BOTEIN and McNALLY, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents of this appeal and the companion appeal (see 4 A D 2d 1029) decided herewith.